Filed 1/16/25  Honchariw v. FJM Private Mortgage Fund CA1/3
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

|  |  |
|---|---|
| NICHOLAS HONCHARIW et al., <br><br> Plaintiffs and Appellants, <br><br> v. <br><br> FJM PRIVATE MORTGAGE FUND, LLC et al., <br><br> Defendants and Respondents. | A169447 <br><br> (Sonoma County Super. Ct. No. SCV-267331) <br><br> ORDER MODIFYING OPINION AND DENYING REHEARING [NO CHANGE IN JUDGMENT] |

**THE COURT\*:**

It is ordered that the unpublished opinion filed herein on December 20, 2024, be modified as follows:

On page 8, change the fifth sentence of the first full paragraph to "Nicholas is not an attorney at any law firm that the Honchariws hired."

The petition for rehearing filed January 6, 2025, is denied.  There is no change in the judgment.


Dated: 1/16/2025              Fujisaki, Acting P. J,

Acting P. J.

---

\* Fujisaki, Acting P. J., Petrou, J., and Rodríguez, J. participated in the decision.

1

Filed 12/20/24  Honchariw v. FJM Private Mortgage Fund CA1/3 (unmodified opinion)

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| NICHOLAS HONCHARIW et al.,<br><br>        Plaintiffs and Appellants,<br><br>v.<br><br>FJM PRIVATE MORTGAGE FUND, LLC et al.,<br><br>        Defendants and Respondents. | A169447<br><br>(Sonoma County Super. Ct. No. SCV-267331) |

Nicholas and Sharon Honchariw appeal a postjudgment order denying their request for attorney fees and costs.[1]  The trial court determined that Nicholas, an attorney representing himself, is not entitled to fees under Civil Code section 1717 or Code of Civil Procedure section 1293.2 (undesignated statutory references are to the latter code).  It also concluded they are not entitled to fees under the private attorney general doctrine because they failed to demonstrate that the financial burden in bringing their lawsuit was disproportionate to the burden of private enforcement.  We affirm.

---

[1] For clarity, and intending no disrespect, we use first names when referring to the Honchariws individually.

1

## BACKGROUND

A detailed summary of the underlying facts is presented in our prior opinion, *Honchariw v. FJM Private Mortgage Fund, LLC* (2022) 83 Cal.App.5th 893 (*Honchariw*). The Honchariws obtained a $5.6 million loan with an 8.5 percent interest rate from FJM Private Mortgage Fund, LLC (FJM), secured by a deed of trust on real property. (*Id*. at p. 898.) They missed a $39,667 payment, and FJM imposed a default interest rate surcharge of nearly 10 percent against the total unpaid balance of the loan and "a one-time 10 percent fee assessed against the overdue payment ($3,967)." (*Ibid*.)

Representing himself and his wife, Nicholas filed a demand for arbitration, primarily arguing the late fees were a penalty that violated Civil Code section 1671. (*Honchariw*, *supra*, 83 Cal.App.5th at p. 898.) Among other things, they sought to recover unlawful late charges ($105,138, or three times the amount of the prohibited amount of the late charges imposed by FJM), $5 million in punitive damages, and reasonable attorney fees. An arbitrator disagreed and denied the claim. The Honchariws petitioned to vacate the arbitration award, which the trial court denied. (*Id*., at pp. 898–899.) This court subsequently reversed, concluding "liquidated damages in the form of a penalty assessed during the lifetime of a partially matured note against the entire outstanding loan amount are unlawful penalties." (*Id*. at p. 905.)

After this court issued a remittitur, the trial court granted the Honchariws' petition to vacate the arbitration award and awarded costs. They also sought nearly $600,000 in attorney fees — the lodestar based on approximately 200 arbitration hours and more than 300 postarbitration hours Nicholas spent working on the case — and more than $12,000 in costs

2

under sections 1293.2 and 1021.5, the private attorney general statute, as well as Civil Code section 1717.  Even though he was representing himself, Nicholas declared he accepted his case "on purely a contingent fee — contingent upon success and to the extent of an award of attorney fees — and funded litigation costs in the face of real risk."

The trial court denied the request for attorney fees and costs.  It explained the Honchariws would be entitled to costs, but they failed to submit any evidence they had incurred any.  Rather than submitting a verified memorandum or declaration, they simply asserted they incurred certain costs in their memorandum in support of their motion.  The court also denied fees under section 1293.2 and Civil Code section 1717 because they had not overcome the prohibition against attorney-litigants recovering fees for time spent representing their own interests.  It further concluded they had not shown the financial burden on them was out of proportion to their individual stake in the matter so as to warrant an attorney fee award under section 1021.5.

## DISCUSSION

The Honchariws argue the trial court erroneously denied them attorney fees.  Generally, we review an order of attorney fees for an abuse of discretion.  (*MHC Financing Limited Partnership Two v. City of Santee* (2005) 125 Cal.App.4th 1372, 1397.)  But determining whether a party is entitled to fees — whether the criteria for a fee award has been satisfied — is a question of law that we review de novo.  (*Ibid.*)  "In other words, a trial court's discretion must be exercised ' "within the statutory parameters." ' " (*Robles v. Employment Development Dept.* (2019) 38 Cal.App.5th 191, 199.) Having engaged in that review, no error appears.

3

First, the Honchariws argue they are entitled to contractual attorney fees under Civil Code section 1717 because their loan document contains a provision authorizing an award of fees and costs in connection with judicial and arbitration proceedings. Not so. Under Civil Code section 1717, the prevailing party to a contract dispute is entitled to fees and costs "which are incurred to enforce that contract" if the contract specifically states as much. (*Id*. subd. (a).) But attorneys who represent themselves cannot recover fees under that provision. (*Trope v. Katz* (1995) 11 Cal.4th 274, 292.) The "usual and ordinary meaning of the words 'attorney's fees,' both in legal and in general usage, is the consideration that a litigant actually pays or becomes liable to pay in exchange for legal representation." (*Id*. at p. 280.) "An attorney litigating in propria persona pays no such compensation." (*Ibid*.) They "cannot be said to 'incur' compensation for [their] time and [their] lost business opportunities." (*Id*. at pp. 280, 292.) Nicholas, an attorney-litigant, fails to satisfy the criteria demonstrating entitlement to fees under this statutory provision.

The Honchariws dispute this conclusion, arguing the prohibition on attorney-litigants recovering attorney fees is inapplicable because Nicholas also represented his wife. (*Rickley v. Goodfriend* (2012) 207 Cal.App.4th 1528, 1537–1538 [statute allowed recovery of attorney fees by pro per attorney only if there was an attorney-client relationship with spouse] (*Rickley*).) It is true that attorney-client relationships can exist between spouses, but the Honchariws fail to establish one. (*Gorman v. Tassajara Development Corp*. (2009) 178 Cal.App.4th 44, 95 [identifying circumstances indicative of an attorney-client relationship between spouses].) They filed a petition to arbitrate the unlawfulness of a default interest penalty imposed on both. Nothing in the record indicates Sharon "suffered any damages apart

4

from those suffered by her husband." (*Ibid*.) Rather, as they concede, they were joint tenant co-borrowers on the loan at issue — their interests were joint and indivisible. (*Ibid*.) "There is no claim that [Nicholas] spent extra time in this case representing his wife in addition to the time he spent representing himself." (*Ibid*.) They do not claim "each of them owes half [Nicholas's] fees." (*Ibid*.) Because Nicholas's billable hours "appear to be entirely attributable to representing his common interests with [Sharon]," we conclude he is precluded from recovering fees as an attorney-litigant. (*Ibid*.)

*Rickley* — identifying alternative hallmarks of an attorney-client relationship between spouses, such as a spouse consulting the attorney-litigant in their professional capacity and whether the relationship in terms of the lawsuit is "for the purposes of obtaining legal advice" — does not assist the Honchariws. (*Rickley*, *supra*, 207 Cal.App.4th at p. 1538.) Rather than pointing to facts in the record, Nicholas stated in a conclusory footnote in his trial court briefing that he had an attorney-client relationship with Sharon. His vague declaration — "I accepted the representation on purely a contingent fee" — fails to identify who he was representing or, if referring to Sharon, whether the representation was for the purpose of obtaining legal advice. Neither assertion satisfies any of the *Rickley* criteria for establishing an attorney-client relationship between spouses, nor do they demonstrate an entitlement to attorney fees under Civil Code section 1717.

Next, the Honchariws contend an award of attorney fees and costs is proper under section 1293.2. Our conclusion regarding Civil Code section 1717 is fatal to this claim. Section 1293.2 provides, the "court shall award costs upon any judicial proceeding under [Title 9 Arbitration of Part 3 'Of Special Proceedings of a Civil Nature'] as provided in [section 1021 et seq]." A prevailing party is entitled to recover costs in any action or proceeding.

5

(§ 1032, subd. (b).)  Items identified as costs include attorney fees when authorized by a contract.  (§ 1033.5, subd. (a)(10)(A).)  As discussed above, Civil Code section 1717 governs attorney fees authorized by contract, and the Honchariws are not entitled to fees under that provision.  We do not see — and they do not explain — how section 1293.2 confers a right to contractual attorney fees independent of Civil Code section 1717.

Finally, the Honchariws argue they are entitled to attorney fees under section 1021.5, which codifies the private attorney general doctrine and encourages "suits enforcing important public policies by providing substantial attorney fees to successful litigants in such cases." (*Robinson v. City of Chowchilla* (2011) 202 Cal.App.4th 382, 390.)  According to the Honchariws, section 1021.5 does not prohibit awarding fees to attorney-litigants.  Rather, it authorizes a fee award upon the claimant showing the litigation enforced an important right affecting the public interest, conferred a significant benefit on the general public or large class of persons, and the necessity and financial burden of private enforcement makes an award appropriate. (*Vasquez v. State of California* (2008) 45 Cal.4th 243, 250–251.)  "In deciding whether to award fees, the court 'must realistically assess the litigation and determine, from a practical perspective, whether or not the action served to vindicate an important right so as to justify an attorney fee award under a private attorney general theory.'" (*Vasquez*, at p. 251.)  We discern no abuse of discretion in the trial court's denial of fees under this provision.  (*Ibid.* [reviewing for abuse of discretion].)

There is no dispute the Honchariws were the successful parties, and their action enforced an important right affecting the public interest.  As the trial court concluded, they successfully argued the default loan charges at issue here were unlawful penalties.  (*Honchariw*, *supra*, 83 Cal.App.5th at

6

p. 905.) But they fail to satisfy the third element, that the "the financial burdens and incentives involved in bringing the lawsuit" were disproportionate to the burden of private enforcement. (*Press v. Lucky Stores, Inc.* (1983) 34 Cal.3d 311, 321; *Millview County Water Dist. v. State Water Resources Control Bd.* (2016) 4 Cal.App.5th 759, 769.) "In determining the financial burden on litigants, courts have quite logically focused not only on the costs of the litigation but also any offsetting financial benefits that the litigation yields or reasonably could have been expected to yield." (*Conservatorship of Whitley* (2010) 50 Cal.4th 1206, 1215.) Specifically, courts may award fees if the " ' "cost of the claimant's legal victory transcends his personal interest" ' " — in other words, whether " ' "the necessity for pursuing the lawsuit placed a burden on the plaintiff 'out of proportion to his individual stake in the matter.' " ' " (*Ibid.*)

The Honchariws' financial incentive to pursue this litigation was unmistakable. (*Millview County Water Dist. v. State Water Resources Control Bd.*, *supra*, 4 Cal.App.5th at p. 769.) If the default interest provision remained, they would be liable for nearly $30,000. (*Wang v. Division of Labor Standards Enforcement* (1990) 219 Cal.App.3d 1152, 1161–1162 [litigant had large personal financial stake in litigation where challenging a $9,700 civil sanction].) Indeed, they admit they were confronted with arbitration charges and attorney fees for FJM regarding the trial court's original denial of their petition to vacate the arbitration decision. The Honchariws also sought $5 million in punitive damages. (*Planned Parenthood v. City of Santa Maria* (1993) 16 Cal.App.4th 685, 691–692 [denying private attorney general attorney fees where litigant sought $60,000 in damages, which the court deemed sufficient financial incentive for litigation].) On this record, their "reasonable expectation of financial benefits

7

from the litigation was sufficient to motivate [them] to pursue the litigation." (*Davis v. Farmers Ins. Exchange* (2016) 245 Cal.App.4th 1302, 1329.)

Critically, the Honchariws cannot show the lawsuit imposed a burden on them out of proportion to their individual interest. (*Conservatorship of Whitley*, *supra*, 50 Cal.4th at p. 1215.) As the trial court found, they did not demonstrate any burden regarding costs of the litigation. (*Ibid*.) To the extent they highlight the $391,300 in attorney fees accrued by their counsel — i.e., Nicholas — on a contingency basis as a demonstrable financial burden, we disagree. As discussed above, the record does not indicate a true attorney-client relationship between the spouses (*Gorman v. Tassajara Development Corp.*, *supra*, 178 Cal.App4th at p. 95), or that they actually incurred any litigation costs. (*Los Angeles Police Protective League v. City of Los Angeles* (1986) 188 Cal.App.3d 1, 9–10; compare with *Healdsburg Citizens for Sustainable Solutions v. City of Healdsburg* (2012) 206 Cal.App.4th 988, 993, 997 [section 1021.5 attorney fees to attorney-litigant proper based on a "genuine attorney-client relationship" between her and her copetitioners since she was a " 'hired attorney,' " of counsel at the law firm hired by the petitioner association].) Nicholas, who retired from practicing law in 2010, is not an attorney at any law firm the Honchariws hired. For that reason, none of their cited authorities — awarding section 1021.5 fees where clients actually incurred attorney fees — are applicable. (See, e.g., *Folsom v. Butte County Association of Governments* (1982) 32 Cal.3d 668, 683 [awarding attorney fees to a publicly funded legal service organization representing plaintiffs]; *Lyons v. Chinese Hospital Assn.* (2006) 136 Cal.App.4th 1331, 1351 [section 1021.5 fees authorized when law firm represents plaintiffs on a contingency basis].)

Indeed, unlike the attorney-litigant in *Healdsburg* who represented an association with over 100 members, Nicholas simply represented himself and his wife — there is "cause for concern that [Nicholas] is self-dealing." (*Healdsburg Citizens for Sustainable Solutions v. City of Healdsburg, supra,* 206 Cal.App.4th at p. 998.) Because section "1021.5 was not designed as a method for rewarding litigants motivated by their own pecuniary interests who only coincidentally protect the public interest," the trial court did not abuse its discretion by denying fees under that doctrine. (*Beach Colony II v. California Coastal Com.* (1985) 166 Cal.App.3d 106, 114.)

## DISPOSITION

The order is affirmed. In the interests of justice, each party shall bear their own costs on appeal.

_____
RODRÍGUEZ, J.

WE CONCUR:


_____
FUJISAKI, Acting P. J.


_____
PETROU, J.

A169447; *Honchariw et al. v. FJM Private Mortgage Fund, LLC et al.*